WILLIAM F. HATFIELD v. A. B. MALIN, *Register of Deeds, et al.*

### No. 142.

STATUTE OF LIMITATIONS — *action against register of deeds for misfeasance in office is barred in two years.* A cause of action founded upon an allegation that the register of deeds "wrongfully, wilfully and negligently" recorded an instrument and failed to insert in the record the correct description of the land conveyed, by reason of which the plaintiff was damaged, is "an action for injury to the rights of another, not arising on contract," and such action can only be commenced within two years after the cause of action accrues. The cause of action accrues when some one is in existence who can maintain the action against the register of deeds. The doctrine laid down in *Bartlett v. Bullene* (23 Kan. 606) applied to the allegations in this case when the assignor of the plaintiff accepted the mortgage and paid out his money therefor.

Error from Edwards District Court. Hon. S. W. Vandivert, Judge. Opinion filed September 15, 1897. *Affirmed.*

*Fuller & Whitcomb* and *Fred Dumont Smith*, for plaintiff in error.

*A. C. Dyer*, for defendants in·error.

DENNISON,. P. J. This action was commenced in the District Court of Edwards County, Kansas, by William F. Hatfield, as plaintiff, against A. B. Malin, Jared Malin, James P. Alcorn, and Noble Carter, as defendants. The plaintiff filed a petition of which the following is a copy, except that the caption is here omitted :

"Plaintiff complains of defendants for that the said A. B. Malin was, on the third day of November, 1895, duly elected to the office of register of deeds of said county, and thereafter, to wit, on the ——— day of January, 1886, duly entered on the duties of said office, and thereafter continued to be the register of deeds of said county for the two years next ensuing.

"That on the fourteenth day of November, 1885, the said A. B. Malin, as principal, and the said Jared Malin, James P. Alcorn, and Noble Carter, as sureties, bound themselves unto the State of Kansas by their certain bond or writing obligatory, a copy of which bond is hereto attached, marked exhibit 'A,' and made a part hereof, in the sum of two thousand dollars, conditioned that the said A. B. Malin should well, faithfully, correctly and impartially perform and execute the duties of his said office of register of deeds of said county during the continuance in office of the said A. B. Malin, as required by law.

"That on the fourteenth day of May, 1886, Henry Geer, being then the owner in fee simple of the following-described real estate, to wit : The northeast quarter of section 35, in township 26 south, of range 19 west of the sixth principal meridian, in said county and State, conveyed the same by his mortgage deed of that date to G. M. Anderson to secure the payment of $250, payable in five years from said date, with seven per cent. interest thereon ; and on the

HATFIELD v. MALIN. 857

Sept. 15, 1897.  Opinion.  Dennison, P. J.  W. Div.

eighteenth day of May, 1886, said Anderson presented said mortgage to the said A. B. Malin, Register of Deeds of said county, for record as required by law; that the said A. B. Malin, as such Register, received said mortgage for record and recorded the same in the books of registry kept by said county, but that the said A. B. Malin, not regarding his duty in such respect, wrongfully, incorrectly, wilfully and negligently recorded the same in said books of registry as a lien or incumbrance on the northwest quarter of section 35, township 26, range 19, whereby the said northeast quarter of section 35, township 26, range 19, appeared upon the books of registry of said county as free and clear of all incumbrance. That thereafter the said Geer conveyed said real estate to one J. M. Piburn, and that thereafter, to wit, on the second day of May, 1887, the said Piburn applied to the Kansas Loan & Trust Company for a loan of six hundred dollars, and offered to secure the same by conveying to the said company, or E. M. Shelden, as trustee, the said northeast quarter of section 35, township 26, range 19, and represented to the said company that the said lands were free and clear of all incumbrance; and thereupon the said Kansas Loan & Trust Company examined the records of said county, and finding the records of said county kept by the Register of Deeds showed that the said northeast quarter was free and clear of all incumbrance, and relying on said books of registration, loaned to said Piburn the sum of six hundred dollars, and the said Piburn executed to the said E. M. Shelden, trustee for the said Kansas Loan & Trust Company, his certain promissory note in writing of that date, whereby he undertook and promised to pay to the order of said Shelden the sum of six hundred dollars, five years from said date, with interest thereon at the rate of seven per cent.; and, to secure the payment of said sum, conveyed to said Shelden as trustee, by his mortgage of said date, the said northeast quarter of section 35, township 26, range 19, in said county.

"That said money was loaned by said Kansas Loan & Trust Company to said Piburn entirely upon the

858 HATFIELD v. MALIN.

S. Dept. Opinion. Dennison, P. J. 6 Kan. App.

security offered by him upon said tract of land, and upon their faith and belief in the correctness of the books of registration of said county so as aforesaid kept by said A. B. Malin ; that the said E. M. Shelden, trustee, and the said Kansas Loan & Trust Company, had no notice, actual or otherwise, of the existence of the mortgage from Geer to Anderson hereinbefore referred to.

"That thereafter and before the maturity of said note the said Shelden, for a valuable consideration, sold, indorsed, transferred, assigned and delivered the same to this plaintiff, and sold, assigned and delivered said mortgage to this plaintiff, who thereby became the owner and holder of said note and mortgage. That this plaintiff purchased said note and mortgage upon the faith and belief that said mortgage was a first lien on said land, and relying on the correctness of the books of registration of said county so as aforesaid kept by said Malin.

"That thereafter this plaintiff instituted a suit of foreclosure on said note and mortgage in this court, and the said Anderson, by his cross-petition in said action, set up his note and mortgage hereinbefore referred to, and alleged that the same was a first lien on said northeast quarter, prior and superior to the lien of this plaintiff:

"That thereafter said cause proceeded to judgment, and such proceedings were had that said Anderson obtained a judgment declaring his mortgage, together with the interest and costs of said suit, to be a first lien on said land, prior and superior to the lien of this plaintiff, and caused said land to be sold to satisfy the lien of said Anderson. That said land was sold for the sum of $402, which sum was only sufficient to satisfy the lien of said Anderson, and that this plaintiff received nothing upon his said mortgage hereinbefore set forth.

"That said J. M. Piburn, the maker of said mortgage and note, is totally insolvent and is a non-resident of this State, and this plaintiff has no knowledge of his whereabouts.

"That this plaintiff is damaged by the negligence

of said defendant A. B. Malin in recording said mortgage to said Anderson upon the northwest quarter of section 35, town 26, range 19, in the sum of six hundred dollars.

"Wherefore plaintiff prays judgment against said defendants for the sum of six hundred dollars, with interest thereon at the rate of seven per cent. per annum from the sixth day of May, 1887, and costs of suit.                    FRED DUMONT SMITH,
                              *Attorney for Plaintiff.*"

Then follows the bond. An answer and a reply were filed, and the case went to trial by the court, a jury being waived.

The plaintiff offered the oral testimony of A. J. Rapp, when the defendants objected to the introduction of any evidence under the petition, for the reason that the same did not state facts sufficient to constitute a cause of action, and for the further reason that the cause of action set forth in the petition was barred by the Statute of Limitations. This objection was sustained by the court, to which the plaintiff saved his exception.

The plaintiff refusing to amend his petition, the cause was, upon application of the defendants, dismissed without prejudice, and the plaintiff brings the case here for review.

The cause of action set forth in the above petition is founded upon the allegation that A. B. Malin "wrongfully, incorrectly, wilfully and negligently" recorded the Geer mortgage and failed to insert in the record the correct description of the land mortgaged. This cause of action comes within the third subdivision of section 18 of the Code (ch. 95, § 12, Gen. Stat. 1897), and is "an action for injury to the rights of another, not arising on contract." The action, therefore, can be commenced only within two years after the cause of action accrues. In the determination of the ques-

860                    HATFIELD v. MALIN.

S. Dept.          Opinion.   Dennison, P. J.          6 Kan. App.

tion as to when the cause of action accrues in such
cases, the plaintiff in error cites *Bartlett v. Bullene* (23
Kan. 606), in which Chief Justice Horton, in deliver-
ing the opinion of the court, says :

"The highest and most decisive authorities favor
the view that the malfeasance of a person, or the neg-
ligence or breach of duty of an officer, is the gist of
the action, and not the injury consequent thereon, and
that the statute therefore begins to run from the mal-
feasance, negligence or breach."

The defendant in error contends that at the time of
the malfeasance, negligence, or breach there was no
one who had a right to sue, and that the cause of ac-
tion did not accrue until he had purchased the mort-
gage. We think his contention is correct so far as
requiring the existence of some one to maintain the
action. On May 2, 1887, the Kansas Loan & Trust
Company, when it accepted its mortgage and paid out
the money thereon, became entitled to maintain an
action against Malin for the malfeasance, negligence,
or breach, and the Statute of Limitations began to
run at that time. The assignment of the note and
mortgage to Hatfield by said company in no way af-
fected the operation of the statute. The petition
shows upon its face that the cause of action therein
was barred on May 2, 1889. This action was not
commenced until April 2, 1892, nearly three years
after the cause of action was barred.

The court did not err in refusing to permit the in-
troduction of evidence under the petition.

The judgment of the District Court is affirmed.