ELLIE T. COCKE *vs.* CARRIE E. GREENE & another.

Suffolk. November 20, 1901. — February 28, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Deceit. Conspiracy.*

A woman secretly married is not bound to disclose the marriage to another woman who she knows is about to marry her husband believing him to be unmarried, and if the husband thus commits bigamy the second wife deceived by him has no cause of action against the first.

TORT, with counts for deceit and conspiracy, for fraudulently inducing the plaintiff to marry one Dr. Cocke, who was already secretly married to the defendant Greene, and to live with him as his wife for more than five years while the marriage between Cocke and the defendant Greene was subsisting and valid and wholly unknown to the plaintiff — Cocke and after his death his administrator being joined as a defendant. Writ dated April 25, 1899.

At the trial in the Superior Court, before *Sherman,* J., the administrator of Cocke was defaulted. At the close of the plaintiff's evidence, the judge directed a verdict for the defendant Greene; and the plaintiff alleged exceptions.

By the evidence the following facts appeared. The plaintiff's maiden name was Townsend. She came to Boston to be treated by Dr. Cocke, then known as the blind doctor, he being almost entirely blind. At that time Cocke was living with the defendant Greene, hereafter called the defendant, to whom he was secretly married. She assisted him in his cases and the plaintiff supposed her to be his housekeeper. The marriage had been kept secret, because the defendant received an allowance from her father which she believed that he would stop if he learned of her marriage to Cocke. Cocke introduced the defendant to the plaintiff as Mrs. Greene and at the several times when they met she passed by that name. The plaintiff at the hospital where she was treated by Cocke had asked whether Dr. Cocke was married and was told that he was not, and Cocke himself had told her a story of his life, in which he represented himself as

unmarried. The plaintiff believed him to be unmarried and became engaged to be married to him. The engagement was announced and was known to the defendant. The defendant had opportunities to inform the father of the plaintiff and the plaintiff herself that she was the wife of Cocke. At that time the defendant had left him after ill treatment, and testified that Cocke promised when she left him that if she would keep still and not worry him he would get a divorce from her on some slight ground that would not hurt her and that her marriage to him need never be known; that she continued to keep the marriage secret because she could not afford to make it known, as she was afraid that her father would stop her income if he learned of that marriage. She therefore did not disclose her marriage; and Cocke was married on December 7, 1893, to the plaintiff who lived with him more than five years and had a child by him and did not know of his marriage to the defendant until, after Cocke had deserted the plaintiff, the defendant in March, 1899, brought a libel for divorce against Cocke signed by her as Carrie E. Cocke, alleging adultery between Cocke and the plaintiff. On April 12, 1900, Cocke committed suicide after having made another bigamous marriage with one Harrington before a divorce granted to the defendant had become absolute.

*W. M. Noble*, (*A. S. Davis* with him,) for the plaintiff.

*A. Hemenway*, ( *W. P. Holcombe* with him,) for the defendant Greene.

HAMMOND, J. There can be no doubt that the conduct of Cocke in inducing the plaintiff to marry him constitutes actionable fraud, *Blossom* v. *Barrett*, 37 N. Y. 434, and the only question is whether the female defendant, whom for convenience we shall designate hereinafter as the defendant, is, as co-conspirator or otherwise, so far connected with the fraud as to be answerable to the plaintiff.

After a careful consideration of the evidence, we are constrained to say, notwithstanding the earnest argument of the counsel for the plaintiff, that we can see nothing which would warrant a verdict for the plaintiff. It is plain that the purpose of concealing the marriage between the defendant and Cocke had nothing whatever to do with the injury suffered by the plaintiff. It is true that on one occasion the defendant told the plaintiff

that she was Mrs. Greene, and on another occasion was intro-
duced by Cocke to her as Mrs. Greene, and that she wrote her
name as Greene on some checks given by the plaintiff's father to
Cocke and returned in due course of business to the former, but
in all this it is plain that there was no intent on the part of Mrs.
Greene by these acts to deceive the plaintiff so that she might
marry Cocke, nor were the circumstances such as to lead to a
reasonable belief that such a marriage would be in any degree
due to these representations.  So far as respects this marriage,
there is not the slightest reason to think that in considering
whether she should enter into it the plaintiff even thought of
these incidents.  She believed that Cocke was unmarried, but
that belief was in no sense due to these representations made by
the defendant.  She was cruelly deceived by his representations,
but neither as co-conspirator or otherwise did the defendant, by
the representations complained of, aid in that deception.

The case in many respects is a sad one, but the defendant was
rather a victim of Cocke than a conspirator with him.  The de-
fendant stood in no confidential relations with the plaintiff, and,
whether or not there was upon her a moral duty to expose Cocke
to the plaintiff, we cannot see that in refraining from doing so
she violated any legal duty.

*Exceptions overruled.*