J. FRED LESLIE *vs.* CLARA I. JAQUITH.

Suffolk.　December 9, 1908. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Limitations, Statute of. Agency. Husband and Wife. Fraud.*

Under R. L. c. 202, § 11, which provides for the exclusion from the time limited by the statute of limitations of any period during which the person liable fraudulently concealed the cause of action from the knowledge of the person entitled to bring the action, the question, whether mere silence on the part of a wife as to the fact that her husband was her agent in committing certain torts can constitute a fraudulent concealment from a person toward whom the wife stood in no fiduciary relation, here was not passed upon, because there was much more than silence to indicate fraudulent concealment.

Under R. L. c. 202, § 11, which provides for the exclusion from the time limited by the statute of limitations of any period during which the person liable fraudulently concealed the cause of action from the knowledge of the person entitled to bring the action, in an action against a married woman for a conversion of goods committed more than six years before the date of the writ by the husband of the defendant acting as her agent, if it appears that the defendant personally had not said anything to the plaintiff and personally had not done any act known to the plaintiff as hers for more than six years after the cause of action accrued, but that the defendant's husband in converting the goods of the plaintiff and in all matters relating to such conversion acted as the agent of his wife with her full knowledge, and that as such agent the defendant's husband met the demand of the plaintiff for the converted goods by the false assertion that they belonged to him individually, having been acquired by him under a certain mortgage, the words and acts of the defendant's husband are the words and acts of the defendant, and there is evidence that the defendant fraudulently concealed the cause of action against her from the knowledge of the plaintiff within the meaning of the statute.

TORT for the conversion of certain goods and chattels on or about September 1, 1892, by the defendant acting by her husband, Edwin Jaquith, as her agent. Writ dated December 19, 1906.

The defendant's answer contained a general denial and an allegation that the cause of action did not accrue within six years before the date of the plaintiff's writ.

In the Superior Court the case was tried before *Aiken*, C. J., without a jury. He found for the plaintiff and assessed damages in the sum of $807.18. The defendant alleged exceptions, raising the questions which are stated in the opinion.

*C. R. Morse*, for the defendant.

*J. P. Barlow*, (*J. D. Mulloney* with him,) for the plaintiff.

HAMMOND, J.   The finding for the plaintiff could not have been made by the judge before whom without a jury the case was tried, unless he found, among other things, that in the act of converting the goods Jaquith, the husband of the defendant, acted as her agent, and that she knew this and approved of the act, and that so knowing she concealed from the plaintiff her liability as an undisclosed principal for that act.   Upon these three elements of the plaintiff's case the defendant strenuously contends that as matter of law the evidence does not warrant the findings.

But we are of opinion that the evidence, though conflicting, does clearly support the finding that the husband in these matters was acting as the agent of the defendant, and that she knew this at the time and approved of the act.

Whether within the meaning of R. L. c. 202, § 11, she fraudulently concealed her liability for the act of conversion is a question of greater difficulty.   She does not seem personally to have said anything to the plaintiff, or personally to have done any act known to him as hers until considerably more than six years after the cause of action accrued.   Nor did she sustain any fiduciary relation to the plaintiff making it her duty to inform him as to her liability, as was the case in *Atlantic National Bank* v. *Harris*, 118 Mass. 147.   And it is argued that mere silence is not fraudulent concealment.   It becomes unnecessary, however, to consider whether mere silence, where there is no duty to speak, is sufficient to constitute fraudulent concealment.   Upon this point see, as to the law in New Hampshire, *Quimby* v. *Blackey*, 63 N. H. 77, and as to the law in this Commonwealth, *Nudd* v. *Hamblin*, 8 Allen, 130, *Walker* v. *Soule*, 138 Mass. 570, and *Cocke* v. *Greene*, 180 Mass. 525.

In the present case there was much more than silence on the part of the defendant.   Her husband acted as her agent not only in the act of conversion, but also (as the judge may have found) in maintaining that act to be lawful; and therefore she must be held accountable for whatever he said or did in maintaining the claim.   When the plaintiff sought to recover the value of the articles converted he was met by the assertion that

the mortgage from Goodrich under which the goods were claimed was a mortgage given to secure a debt due to the husband, and the goods were claimed as the property of the husband. And all the way through the litigation this seems to have been the justification relied upon as against the plaintiff. In making this claim the husband was acting as the defendant's agent, and she must be held to have known it. His words and acts in this connection were her words and acts. *Haskell* v. *Starbird,* 152 Mass. 117. The act of conversion and the attempted justification were all in her behalf. She said through her husband that they were all done in his behalf. These statements were not true and they were misleading. And, considered in connection with the other circumstances of the case, they fully justify the finding that she fraudulently concealed the fact that there was a cause of action against her.

*Exceptions overruled.*