## MORRISSEY v. CARTER et al.

No. 13502—Opinion Filed July 1, 1924.

Rehearing Denied Sept. 30, 1924.

1. **Limitation of Actions—Damages Against Sheriff for False Return on Process.**

The action against the sheriff and the surety on his official bond for damages growing out of the false return of the sheriff that he served the summons personally when as a matter of fact he did not make any service is based upon the wrongful act in making the false return, and the same is barred after two years from date of filing such return under paragraph 3, section 185, Comp. Stat. 1921, subject to toll of the statute till the discovery of the falseness of the return.

2. **Same.**

Where against a party a cause of action has accrued in favor of another by a false return on the process, stating that service was obtained when there was no service, the limitation defined in third paragraph of section 185, Comp. Stat. 1921, is applicable and the same does not commence to run till the fraud is discovered or by reasonable inquiry could have been discovered.

3. **Same—Discovery of Fraud.**

The statute of limitation under section 185, Comp. Stat. 1921, where there is fraud amounting to concealment of the wrongful act which the original party is prevented from knowing when the wrongful act was done and the damages are consequential rather than direct, does not commence to run till the discovery of the fraud or reasonable opportunity for such discovery, and until the damages are apparent or made so by reasonable inquiry.

4. **Appeal and Error—Review—Conclusiveness of Verdict—Damages.**

Where the items of damages are in issue, and there is any conflict in the evidence in a law case as to the same, or the aggre-

gate amount that should be recovered, these are matters for the jury to determine from all the evidence in the case, under proper instructions of the court, and this court will not render judgment in such a case, in the first instance, unless the evidence is so clear that only one conclusion can be reached by all reasonable minds.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by Dan Morrissey against James M. Carter and American Surety Company of New York, a corporation. Judgment for defendants, and plaintiff brings error. Reversed.

Porter H. Morgan and Harlan T. Deupree, for plaintiff in error.

Wilson, Tomerlin & Threlkeld and Ross & Thurman, for defendants in error.

Opinion by THREADGILL, C. The plaintiff in error, Dan Morrissey, as plaintiff below, commenced this action in the district court of Oklahoma county, against James M. Carter, former sheriff of Canadian county, and the American Surety Company of New York, defendants in error, defendants below, to recover damages for an alleged misfeasance upon the part of one Emery Barker, a deputy of the said James M. Carter. The facts in the case are substantially as follows:

During the years 1917 and 1918, James M. Carter was sheriff of Canadian county, and Emery Barker was one of his deputies. The American Surety Company was surety on the official bond of said sheriff. About August 24, 1919, the plaintiff filed suit in Oklahoma county to foreclose a real estate mortgage to satisfy note for $5,331.11, with interest and attorneys fees. Summons was issued, directed to the sheriff of Canadian county, to be served on the mortgagors, O. A. Hurst and Leona Hurst, his wife. The summons was placed in the hands of Emery Barker, the said deputy, who made the service of the summons by leaving a copy at the office of the American Packing Company, where the said O. A. Hurst was employed, and he left a copy of the summons at the home of Mrs. Morrison in El Reno for Mrs. Leona Hurst, and made his return showing that personal service was had on the defendants.

The defendants made no appearance in the case and on February 1, 1918, judgment was obtained in the foreclosure suit against the defendants, both for a money judgment and foreclosing the mortgage.

The money judgment was for $5,568.05, principal and interest to date, and $300 attorneys fees. Said judgment to bear interest at 10 per cent. interest from its date. On September 10, 1918, more than six months after the date of the judgment, the property described in the mortgage and judgment was sold, the plaintiff buying the same for the sum of a $1,000, and after paying costs in the case applied on the judgment the balance in the sum of $963.50. About April 6, 1920, another execution was issued for the amount remaining unpaid on said judgment, and this execution was levied upon real estate belonging to the defendants in Oklahoma county, and appraised for the sum of $50,000, and on April 14, 1920, while the sale of this property was being advertised, the said defendants, O. A. Hurst, and Leona Hurst, filed motions to vacate and set aside the judgment rendered on February 1, 1918, alleging as grounds therefor that they were never served with summons in said action, and had not made any appearance in the case, and upon a hearing before the court the judgment was set aside and an order was made for alias summons against said defendants. The sale of the property levied on by the second execution failed. After service of alias summons on the said defendants they appeared and pleaded the statute of limitations, which was sustained and the action failed. Thereafter this action was commenced on March 16, 1921, to recover damages as above stated in the sum of $4,604.55, together with $3.40 court costs, and interest on the sum of $5,568.50 from February 1, 1918, to September 10, 1918, and interest on the sum of $4,604.55 from September 10, 1918, to March 10, 1921, and also $300 attorneys fees, making the total sum of $6,458.39, together with interest on the sum of $4,604.55 at the rate of 10 per cent. per annum from March 10, 1921, until paid. The plaintiff in his petition stated the facts as above set out and recited the bond of the sheriff with the American Surety Company of New York, as surety, which bond was in the sum of $10,000, and was in general for the faithful performance of the sheriff's duties, and asks for judgment against the sheriff and the surety company. The motion to strike and to separately state and number causes of action being overruled, the defendants filed their separate answers, being, in form and substance, a general denial, and admitting their identity and execution of bond, and pleading the three year statute of limitation against the action, and the plaintiff replied to the plea in bar that the statute did not commence to run because of the fact that the

failure to obtain personal service of the summons on O. A. Hurst and Leona Hurst was concealed from the plaintiff by the false and fraudulent return on the summons, showing personal service, and that the statute did not commence to run until the discovery of the fact. The cause was tried to the court and on March 2, 1922, the court rendered judgment against the plaintiff and in favor of the defendants, sustaining the plea of the bar of the statute against the action, and the plaintiff appeals by petition in error and case-made urging two propositions:

"1. The court erred in its holding that the statute of limitation had run against the plaintiff's claim and in rendering judgment for the defendants. 2. The court erred in refusing to make findings of facts and conclusions of law from the evidence to support the plaintiff's cause of action."

1. The question decisive of this case is whether or not the action was barred by the statute of limitations. It may be conceded that the service attempted by the deputy sheriff on September 4, 1917, as shown by return of summons, was void, and the return was false and misleading and rendered the sheriff liable for any resulting damages. Section 5895, Comp. Stat. 1921.

It may be further conceded that the plaintiff was damaged in the amount alleged in the petition, and he did not learn of the failure to get personal service or the falseness of the return on the summons till April 14, 1920, when the enforcement of the second execution was in process and at the time the defendants in that case appeared and moved to vacate the judgment, which was two years, six months, and 10 days from the failure of the deputy sheriff to serve the summons, and from the date of the return on said summons. The court did not pass on the motions to set aside the judgment until April 23, 1920, on which date they were sustained, and this action for damages was not commenced until March 16, 1921, being three years, five months, and 12 days from the attempted service of summons, and less than two years from the discovery of the false return, and less than five years in either case. The bond of the officer serves the purpose as security for any derelictions of the officer, and within the limitations of the statutes not exceeding five years. The statute of limitations, section 185, Comp. Stat. 1921, provides as follows:

"Limitation of other actions. Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

"1. Within five years: An action upon any contract, agreement or promise in writing.

"2. Within three years: An action upon a contract express or implied, not in writing: An action upon a liability created by statute, other than a forfeiture or penalty.

"3. Within two years: An action for tresspass upon real property, an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud.

"4. Within one year: An action on a foreign judgment; an action for libel, slander, assault, battery, malicious prosecution, or false imprisonment; an action upon a statute for penalty or forfeiture, except where the statue imposing it prescribes a different limitation.

"5. An action upon the official bond or undertaking of an executor, administrator, guardian, sheriff or any other officer, or upon the bond or undertaking given in attachment, injunction, arrest or in any case whatever required by the statute, can only be brought within five years after the cause of action shall have accrued.

"6. An action for relief, not hereinbefore provided for, can only be brought within five years after the cause of action shall have accrued."

The action is not one created by statute or one based on contract or on the bond of the officer, but is one based upon the wrongful act of the sheriff through his deputy in making a false return of the summons, resulting in injury to the plaintiff. Miller v. Wissert, 38 Okla. 808, 134 Pac. 62. The gist of the action is the wrongful act and for damages growing out of the wrongful act of the defendant, and the limitation applicable is expressed in paragraph three of the statute, and the action is barred unless within the exception for fraud, which is made to toll the time till discovery of the fraud. Ryus v. Gruble, 31 Kan. 767, 3 Pac. 518; A. T. & S. F. R. Co. v. King (Kan.) 3 Pac. 565; Board of Commissioners of Graham Co. v. Van Slyek (Kan.) 35 Pac. 299; Hatfield v. Malin (Kan.) 50 Pac. 108.

2. In the absence of the statute there is a conflict of authorities as to whether or not fraud suspends the statute of limitation. Section 215, R. C. L., pages 854, 855, and cases thereunder cited. The weight of authority, however, seems to be in favor of the rule that the statute does not commence to run until the discovery of the fraud.

Section 217, R. C. L., pages 856, 857, and the rule therein stated is as follows:

"Where a party against whom a cause of action has accrued in favor of another by actual fraudulent concealment prevents such other from obtaining knowledge thereof, or the fraud is of such a character to conceal itself the statute of limitation will begin to run from the time the right of action is discovered or by the exercise of ordinary diligence might have been discovered."

Under the statutory provisions where limitation is tolled by the wrongful act of the defendant, the Missouri court in the case of Foley v. Jones, 52 Mo. 64, in passing upon a case where the sheriff made a false return resulting in an injury to the plaintiff the court uses the following language:

"As a general proposition and as to parties to the suit, the statute would commence running from the time of making the return, because then the parties are in a court and would be bound to take notice of it. But when no notice has been served and a false return is made, the party, in effect, is a stranger to the proceedings, tho' bound by the return as a party to the record. He has nothing to put him upon inquiry, and laches is not properly imputable to him.

"The officer, by his improper conduct, commits a fraud upon him, and by concealing the fact that a false return has been made, prevents him from commencing an action. It is not to be supposed that a party who has had no notice that an action has been commenced against him will continually visit the clerk's office for the purpose of ascertaining whether he has been sued and whether the sheriff has made a return of service, when in fact there has been no service. If a judgment is obtained against a party without his knowledge on a false return he is prevented from bringing suit because he knows nothing about the fact, and the officer by his fraudulent and improper act has thrown him off his guard and closed up all motive to inquiry."

We think the reasoning and holding of the court in this case is applicable to the case at bar. The testimony is undisputed that the plaintiff was deceived and misled by the false return of the officer, and the only practical difference in the two cases is that in the Missouri case the defendant was deceived by the fraudulent return of the officer. In this case the plaintiff was misled. And it occurs to us that this is the character of case contemplated by the third paragraph of section 185, as an action for injuries to the rights of another not arising on contract. We think the court was in error in holding the three year limitation applicable as for an action upon a liability created by statute other than a forfeiture

or penalty. The court held that there was no fraudulent intention on the part of the officer to mislead or injure the plaintiff, but it would make no difference as to the intention if the wrongful act of the same was of such a nature that the injuries resulting could have been contemplated. 35 Cyc. 1637; State v. McClellan, 113 Tenn. 616, 85 S.W. 267; Swain v. Phelps, 125 N. C. 43, 34 S.E. 110.

We think that plaintiff's contention that the action was not barred is further supported by the following cases cited in his brief: State ex rel. v. Hawkins (Mo.) 77 S. W. 98; Wilder v. Secor, 72 Iowa, 161, 2 Am. St. Rep. 236; McMullins v. Winfield B. & L. Association, 64 Kan. 298, 67 Pac. 892; Bradford v. McCormick (Iowa) 32 N. W. 93; Leslie v. Jaquity, 201 Mass. 242, 87 N. E. 480; District Twp. of Boomer v. French, 40 Ia. 601; Lieberman v. First Natl. Bank (Del.) 45 Atl. 901; Allen v. State, 6 Kan. App. 915, 51 Pac. 572; 25 L. R. A. 564 at 567.

3. The plaintiff further contends that against the plea of the statute of limitations the cause of action does not arise until the aggrieved party has suffered the damages which result as a consequence of the wrongful act; citing the following cases: Harriman v. Wilkins, 22 Me. 93; Newbert v. Cunningham, 50 Me. 231, 79 Am. Dec. 612; Bank v. Waterman, 26 Conn. 324; People to the use of Trach v. Cramer, 15 Colo. 155, 25 Pac. 302; State v. McClelland, 113 Tenn. 616, 85 S.W. 267; Steel & Johnson v. Bryant, 49 Iowa, 116; State v. Logan (Mo.) 190 S. W. 75; 19 A. & E. Encyc. of Law, 2d Ed. 200; Wood on Limitation, Sec. 178; Lyman v. Holmes (Vt.) 92 Atl. 829; Tiffany v. Harvey, 143 N. Y. S. 31; Lesem v. Neal, 53 Mo. 412; State v. O'Neil (Mo.) 90 S. W. 410, 126 A. S. R. 949, note.

But counsel for defendants contend for the rule that the cause of action arises at the date of the wrongful act regardless of fraud or question of damages and limitation commences to run from that date, citing the following authorities: Hellwig et al. v. Title Guaranty Ins. Co. (Cal.) 179 Pac. 222; Norton v. Title Guaranty Ins. Co. (Cal.) 168 Pac. 16; Sonoma Co. v. Hall (Cal.) 62 Pac. 257; Board of Coms. of Cloud Co. v. Hostetler (Kan.) 51 Pac. 62; Bartlett v. Bullene et al., 23 Kan. 606, 17 R. C. L. 807. sec. 173; Lambert v. McKenzie (Cal.) 67 Pac. 6; Betts v. Norris, 21 Me. 314, 38 Am. Dec. 264.

Thus it will be seen that there is a conflict of the authorities as to the correct rule. The defendants admit that fraudulent con-

cealment might avoid the running of the statute of limitations in a proper case, citing: State v. Yates (Mo.) 132 S.W. 672; State ex rel. Graham v. Walters et al., (Ind.) 66 N.E. 182; Johnson v. Beattie (Vt.) 93 Atl. 250; State ex rel. Hobbs v. Barefoot (N C.) 10 S. E. 170; McKay v. Coolidge (Mass.) 105 N. E. 455; and Am. Natl. Bank v. Fidelity & Deposit Co. (Ga.) 63 S.E. 622.

We are disposed to favor the contention of the plaintiff as more in accord with out ideas of equity and justice than the rule contended for by the defendants, and especially where there is fraud amounting to concealment which prevented the injured party from knowing when the wrongful act was done or the amount of the damages. We are, therefore, constrained to lay down the rule that in favor of the plea of the statute of limitations, section 185, Comp. Stat. 1921, where there is fraud amounting to concealment of the wrongful act which the aggrieved party is prevented from knowing when the wrongful act was done and the damages are consequential rather than direct the statute does not commence to run till the discovery of the fraud or reasonable opportunity for such discovery, and till the damages are made manifest. 17 R. C. L. 217.

Applying this rule to the instant case we think the trial court was in error in sustaining the plea of limitation in bar of the plaintiff's cause of action.

4. Plaintiff further contends that the court erred in its failure to find the facts of damages in his favor, and in failing to render judgment for the amount sued for. Plaintiff says there is no dispute as to the amount of the loss being $4,604.55, $200 attorney's fee, exclusive of court costs and interest as stated in the petition. We cannot agree with this contention of the plaintiff. We think these items were contested by the defendants, and this being a law case, this court does not think it should pass on the evidence in the record, and render judgment for the amount of damages claimed by the plaintiff. We think it is for the jury to say in what sum damages should be recovered, under proper instructions of the court. We, therefore, recommend that the judgment of the trial court be set aside and the cause remanded to the district court of Oklahoma county, with instructions to grant plaintiff a new trial, not inconsistent with the views herein expressed.

By the Court: It is so ordered.