**NATIONAL BANK OF CLAREMORE v. JEFFERIES et al.**

No. 17522. Opinion Filed Sept. 13, 1927.

(Syllabus.)

1. **Limitation of Actions—Causes of Action not Arising on Contract Governed by Two-Year Statute.**

Under the provisions of section 185, C. O. S. 1921, an action for injury to the rights of another, not arising on contract, and not within the exceptions therein provided, must be brought within two years after the cause of action accrues.

2. **Same—Test as to When "Cause of Action Accrues."**

The true test to determine when a cause of action accrues is to ascertain the time when the plaintiff could first maintain his action to a successful result.

3. **Set-Off and Counterclaim—Contract or Judgment as Foundation for Set-Off.**

A defendant may set forth in his answer as many grounds of defense, counterclaim or set-off as he may have, but a set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract or ascertained by the decision of a court.

Error from District Court, Rogers County; O. H. Searcy, Assigned Judge.

Action by the National Bank of Claremore against Ulysses S. Jefferies et al., in which defendants filed cross-petition. Judgment for defendants, and plaintiff appeals. Affirmed in part and reversed in part.

W. M. Hall, D. M. Battenfield, and L. S. Robson, for plaintiff, in error.

Kent V. Gay, for defendants in error.

MASON, V. C. J. The National Bank of Claremore commenced, this action against Ulysses S. Jefferies, American Surety Company, and the New Amsterdam Casualty Company on October 7, 1924, by filing its petition in which it alleged that it was a banking corporation organized under the laws of the United States; that the defendant Jefferies was the regularly elected, qualified, and acting county treasurer of Rogers county from July 1, 1919, to July 1, 1921; that the other defendants were sureties on his official bond; that on the 21st day of March, 1921, one J. W. Bickell, as clerk of school district No. 79, of Rogers county, drew and executed certain warrants which appeared to be signed by the school district directors; that said signatures were false and forged; that the defendant Jefferies, as said county treasurer, negligently and carelessly registered said warrants; that by reason of said negligent registration the plaintiff was misled as to the legality of said warrants and was caused to believe them to be good and valid; that plaintiff was induced to purchase said warrants; that when they were presented to the county treasurer of Rogers county for payment the same was refused. Plaintiff's petition contained eight causes of action, each based upon a warrant registered by said county treasurer in the same manner and at different times from March 24, 1921, to May 21, 1921, inclusive, for the aggregate amount of $1,132.84, for which amount the bank prayed judgment.

Each of the defendants filed separate answers in which several defenses were pleaded, including the statute of limitations. The defendant surety companies also filed a cross-petition in which it was alleged that other warrants issued in the same manner as alleged in the plaintiff's petition had been purchased by the plaintiff bank from the school district, and that after being indorsed by the plaintiff bank they were presented to and paid by the defendant Jefferies, as county treasurer; that said school district had recovered a judgment against the defendant Jefferies, as county treasurer, and the other defendants herein for the value of said warrants; that said surety companies were forced to pay said judgment in the amount of $5,659.70, for which amount they prayed judgment on their cross-petition against the plaintiff.

The plaintiff filed motion to strike said cross-petition and also interposed its demurrer thereto, both of which were overruled and denied, after which it filed answer to said cross-petition.

Upon trial of the cause, the parties stipulated and agreed that each and every allegation of fact made in the pleadings of the parties might be considered as true. The court rendered judgment for the defendants and against the plaintiff on its petition, and also rendered judgment for the defendant surety companies on their cross-petition in the sum of $1,627.30, from all of which the plaintiff appeals.

For reversal, it is first insisted that the plaintiff's petition states facts sufficient to constitute a cause of action in favor of the plaintiff and against defendants, and that the trial court erred in denying plaintiff any recovery thereon.

Much argument is made and many authorities are cited in support of such contention, but we deem it unnecessary to consider them, as we must agree with the contention of counsel for defendants in error that said cause is an action for injury to the rights of another not arising on contract, and that, therefore, plaintiff's action was barred by the statute of limitations as set forth in the third paragraph of section 185, C. O. S. 1921, which provides:

"Within two years: An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; **an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated;** an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

The general rule is, the statute of limitations begins to run when the cause of action accrues, and the true test to determine when the cause of action accrues is to ascertain the time when the plaintiff could first maintain his action to a successful result. Broadwell v. Board of Commissioners of Bryan County, 88 Okla. 147, 211 Pac. 1040. In U. S. Fidelity & Guaranty Co. v. Fidelity Trust Co., 49 Okla. 398, 153 Pac. 195, this court said:

"Whenever one person may sue another, a cause of action has accrued, and the statute begins to run."

In the case at bar, if the contentions of plaintiff as to its rights are correct, it could have instituted an action against the defendants the moment the defendant Jefferies, as county treasurer, registered each individual warrant. Therefore, the plaintiff's cause of action accrued, if at all, on the dates when said warrants were registered.

The last warrant sued on was registered on the 21st day of May, 1921, and the plaintiff's action was filed on October 7, 1924. Therefore, more than two years elapsed between the accrual of the various causes of action and the institution of plaintiff's suit.

We must conclude that the action of the trial court with reference to the petition of plaintiff was correct.

It is next urged that the cross-petition of the defendant surety companies does not state facts sufficient to constitute a legal set-off or counterclaim, and that the same was improperly filed in said cause. Counsel for defendants in error concede that the cross-petition is not a counterclaim. We will, therefore, consider whether or not said cross-petition was sufficient and proper as a set-off.

The defendant may set forth in his answer as many grounds of defense, counterclaim or set-off as he may have. Section 273, C. O. S. 1921. But a set-off can only be pleaded in an action founded on contract and must be a cause of action arising upon contract or ascertained by the decision of a court. Section 275, C. O. S. 1921.

Plaintiff's action certainly was not founded on contract, but upon the alleged negligence of the defendant Jefferies, as county treasurer. It is true certain purported school district warrants are involved in plaintiff's action, which it is contended are contracts, but, be that as it may. plaintiff does not sue and attempt to recover on said warrants, but upon the negligence of the defendant Jefferies in registering them when they were false and forged.

Having reached the conclusion that the plaintiff's cause of action was not founded on contract, we must conclude that the filing of defendants' cross-petition, consisting of a set-off, was improper, and that the trial court erred in overruling and denying plaintiff's motion to strike, and its demurrer interposed against the same.

The defendants in error, however, cite and rely on the rule as announced in Caldwell v. Stevens, 64 Okla. 287, 167 Pac. 610. but the same is not applicable herein. That case was commenced in the courts of the Indian Territory portion of the state before statehood and seems to have been based largely on the statutes of Arkansas, which were then in force. This court, in passing on the appeal several years subsequent to statehood, seems to have upheld the action of the defendant in pleading as a set-off matter not coming within the statutory provisions because of fraud, nonresidence, and

insolvency of the plaintiff. This, a court, under its equity power, may do independent of statute where peculiar conditions exist which would cause the defendant to lose his cause of action or suffer great hardship if not permitted to plead the same as a set-off.

The distinction between cases where the court properly exercises its equity powers to prevent loss or hardship because of non-residence, insolvency, etc., must be kept in mind or confusion will follow. Thus, in the recent case of State Bank v. Weaber, 125 Okla. 186, 256 Pac. 50, opinion written by Commissioner Jones, the equity rule announced in Caldwell v. Stevens, supra, was erroneously applied to matters pleaded as a set-off where no hardship, such as insolvency, nonresidence, etc., was shown. Where no conditions are shown which bring into force the equity powers of the court, the statutory provisions governing set-off must be literally complied with. In the instant case, no such conditions are shown, and the plain provisions of the statutes must control.

The judgment of the trial court in favor of defendants on the plaintiff's petition is affirmed, and the judgment, in so far as it finds for the defendant surety companies on their cross-petition, is reversed, and the case is remanded, with directions to dismiss said cross-petition.

BRANSON, C. J., and PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 37 C. J. p. 777, §114. (2) 37 C. J. p. 810, §153: 17 R. C. L. p. 749. (3) 31 Cyc. pp. 143, 144; 34 Cyc. pp. 653, 658. 696. 704.