**HARRIS v. ROBERTS et al.**

No. 26879.   April 6, 1937.

Geo. C. Crump and H. W. Carver, for plaintiff in error.

Park Wyatt and Byron Lamun, for defendants in error.

PER CURIAM. On February 27, 1935, V. V. Harris filed an action against W. A. Roberts and the Western Casualty & Surety Company on a sheriff's bond, alleging that a writ of replevin issued in an action wherein the Southern Motor Company was plaintiff and H. M. Hosey was defendant; that certain property was delivered to Frank Stuart, then sheriff, on about December 21, 1929; that H. M. Hosey executed a redelivery bond and said property was released to him; that the bond has been lost; that plaintiff purchased all of the assets of the Southern Motor Company and is now the holder by assignment of the judgment obtained on the 23rd day of June, 1930, when the action was tried upon its merits; that when the defendant Roberts became sheriff on or about the 1st day of January, 1931, the redelivery bond was delivered to him by the said Frank Stuart, and through carelessness lost, to the damage of the plaintiff in the sum of $700, for which he prays judgment with interest. A motion to make more definite and certain was filed, and an amended petition was filed alleging in certain respects some of the statements above made, and in subsequent pleadings it is further stated that the plaintiff had filed an action against A. W. Stuart, no connection being shown with the said Frank Stuart, in Seminole county in which judgment it was determined that the said A. W. Stuart was not one of the sureties. Said judgment was rendered on the 19th day of December, 1934. The final amended petition was filed in this action on July 12, 1935. The court sustained a demurrer to the amended petition. The appeal is by transcript, and the sole question presented, therefore, is, Did the court err in sustaining a demurrer to the petition as finally amended?

We are of the opinion, and hold, that the court did not err in sustaining the demurrer. By the allegations of the petition plaintiff knew at least on November 8, 1932, that the bond had been lost. This was the date on which he filed his petition in Seminole county against A. W. Stewart. The statute of limitations, therefore, had run against his action at the latest November 8, 1934. His first petition was filed February 27, 1935.

In Morrissey v. Carter, 103 Okla. 36, 229 P. 510, an action was brought against the sheriff for a false return of his deputy. It was held that an action was limited to two years after the discovery of false and fraudulent return. In National Bank of Claremore v. Jeffries, 126 Okla. 283, 259 P. 260, an action was filed against a county treasurer for illegally registering forged warrants of a school district. It was held that the action was barred by the two-year statute of limitations.

In Hodgson v. Hatfield, 112 Okla. 134, 135, 240 P. 69, 70, it is said:

"The statutes, sections 2944, 2948, provide a procedure for taking care of and disposing of moneys stolen or embezzled, which are applicable when the defendant is arrested, discharged, and tried for the crime, but in a case where there is no arrest and trial for the particular crime, as in case the defendant is killed in flight after the robbery, or is charged and tried only for murder where the murder follows the robbery, as in the instant case, the procedure provided in above sections is not applicable; still, the officer or **any other person** getting possession of the money taken from a prisoner or a thief with notice of claimants must hold such money a reasonable length of time, subject to the rights of the lawful owners, under the law of bailment." (Emphasis ours.)

Plainly, an action against "any other person" would be barred by the two-year statute. Plaintiff has cited a number of authorities, among them Arnold v. Board of County Commissioners of Creek County, 124 Okla. 42, 254 P. 31, which hold that where there is a plain statutory duty imposed upon an officer, the statute does not run until five years. As pointed out in Morrissey v. Carter and National Bank of Claremore v. Jeffries, supra, the action is not one upon a plain statutory duty, but is for negligence resulting from the act of the officer.

The judgment of the trial court is affirmed.

OSBORN, C. J. and RILEY, WELCH, CORN, and HURST, JJ., concur.