TIPTON v. HARTFORD ACCIDENT & INDEMNITY CO.

No. 4219.

United States Court of Appeals
Tenth Circuit.

April 30, 1951.

Or. 433, 145 P. 657; Saul v. McIntyre, 1948, 190 Md. 31, 57 A.2d 272, 274; Mar-golys v. Mollenick, Sup.Ct.N.Y., 1906, 98 N.Y.S. 849.

A. L. Beckett, Oklahoma City, Okl. (J. D. Chastain and Francis S. Irvine, Jr., Oklahoma City, Okl., on the brief), for appellant.

Edgar Fenton, Oklahoma City, Okl. (Fenton, Fenton & Thompson, Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

Tipton brought this action against the Hartford Accident and Indemnity Company[1], as surety on the official bond of Ralph A. Tennison, as Sheriff of Garfield County, Oklahoma, to recover damages for personal injuries. From an adverse judgment, Tipton has appealed.

The case is presented here on the findings made by the trial court and uncontroverted allegations of the complaint. On December 13, 1946, Tennison, as principal, and the Indemnity Company, as surety, executed and delivered an official bond, as required by the laws of Oklahoma, covering Tennison's term of office as such sheriff from January 6, 1947, to January 3, 1949. The condition of the bond, in part, read: "Now therefore * * * if * * * Ralph A. Tennison shall * * * faithfully and truly perform all the duties of his office * * *, as required by law, then this obligation to be void, otherwise to be and remain in full force and virtue." On April 21, 1947, Tennison was the duly elected, qualified, and acting sheriff of Garfield County, Oklahoma, and as such sheriff was in charge of the county jail of Garfield County. On that day Tipton became a prisoner in such county jail. Tennison failed to perform the duties of his office by negligently failing to take proper steps to protect Tipton from harm. As a result of such failure, Tipton fell into a metal chute and through such chute from the fifth story of the County Court House to the basement thereof, causing him serious and permanent injuries. The instant action was commenced May 3, 1950.

The trial court concluded that the action was barred by the applicable statute of limitations of Oklahoma and entered judgment accordingly.

The pertinent provisions of the Oklahoma statute of limitations, 12 Okl.St.Ann. § 95, read:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

"First. Within five years: An action upon any contract, agreement or promise in writing.

"Second. Within three years: An action upon a contract express or implied not in writing; an action upon a liability created by statute other than a forfeiture or penalty.

"Third. Within two years: An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; * * *.

* * * * * *

"Fifth. An action upon the official bond or undertaking of an executor, administrator, guardian, sheriff, or any other officer, * * * can only be brought within five years after the cause of action shall have accrued."

An action for personal injuries falls under subdivision three and must be brought within two years after the action accrues[2].

---

1. Hereinafter called the Indemnity Company.

2. Waugh v. Guthrie Gas L. F. & I. Co., 37 Okl. 239, 131 P. 174, L.R.A.1917B, 1253; Landry v. Acme Flour Mills Co., 202 Okl. 170, 211 P.2d 512, 517.

The Oklahoma statute of limitations was adopted from the State of Kansas[3]. Prior to its adoption, the Supreme Court of Kansas, in the case of Ryus v. Gruble, 31 Kan. 767, 3 P. 518, decided April 1, 1884, an action brought against the surety on a sheriff's official bond to recover damages by reason of a levy upon and the sale of personal property by the sheriff under a void execution, held that the wrong committed by the sheriff was the foundation of the cause of action, and that the bond was only a collateral security for the enforcement of such cause of action; that when the action for breach of duty by the sheriff became barred, an action upon the bond was also barred; and that the applicable statute of limitations was the subdivision[4] covering "An action for trespass upon real property; an action for taking, detaining or injuring personal property * * *" and not the subdivision[5] covering "An action upon the official bond or undertaking of an executor, administrator, guardian, sheriff, or any other officer, * * *."

The courts of Kansas and Oklahoma have adhered to the doctrine expressed in Ryus v. Gruble, supra[6].

Morrissey v. Carter, 103 Okl. 36, 229 P. 510, 512, was an action brought against a sheriff and the surety on his official bond to recover damages on account of a false certificate by the sheriff's deputy that he made personal service of a summons in a former action, when, as a fact, he had not made such service. The court held that the action was not one created by statute or based on a contract or on the official bond of the sheriff, but that it was based upon the wrongful act of the sheriff, through his deputy, in making a false return on the summons resulting in injury to the plaintiff, and that the applicable statute of limitations was subdivision three of § 95, supra.

Counsel for Tipton relies upon Arnold v. Board of County Commissioners, 124 Okl. 42, 254 P. 31. In that action the Board of County Commissioners recovered a judgment against Arnold, as principal, and the Maryland Casualty Company, his surety, on two official bonds of Arnold, as a court clerk, for failure of the clerk to account for and turn over funds which came into his hands by virtue of his office, as required by the conditions of his official bonds. The court held that the fifth subdivision of § 95, supra, applied and the action was not barred until five years after it accrued. That case was distinguished by the Supreme Court of Oklahoma in Harris v. Roberts, 179 Okl. 568, 66 P.2d 931, 932, which was an action against a sheriff for negligently and carelessly losing a redelivery bond given in a replevin action. The court said: "Plainly an action against 'any other person' would be barred by the two-year statute (12 Okl.St.Ann. § 95). Plaintiff has cited a number of authorities, among them Arnold v. Board of County Commissioners of Creek County, 124 Okl. 42, 254 P. 31, which hold that where there is a plain statutory duty imposed upon an officer, the statute does not run until five years. As pointed out in Morrissey v. Carter and National Bank of Claremore v. Jefferies [126 Okl. 283, 259 P. 260], the action is not one upon a plain statutory duty, but is for negligence resulting from the act of the officer."

█ Accordingly, we conclude that the instant action falls within subdivision 3 of § 95, supra, and not having been brought within two years was barred by limitation.

Affirmed.

---

3. Historical note, 12 Okl.St.Ann. § 95.

4. Subdivision 3 of 12 Okl.St.Ann. § 95.

5. Subdivision 5 of 12 Okl.St.Ann. § 95.

6. See Provident Loan Trust Co. v. Walcott, 5 Kan.App. 473, 47 P. 8, an action against the sureties on an abstracter's official bond;
   Garland v. Zebold, 98 Okl. 6, 223 P. 682, an action against the sureties on an abstracter's official bond;
   Morrissey v. Carter, 103 Okl. 36, 229 P. 510, 512, an action against a sheriff and the surety on his official bond to recover damages for a false return on a summons;
   People, to Use of Shutt v. Farmers Grain & Supply Co., 172 Okl. 578, 46 P.2d 348, an action against a public warehouseman and the sureties on his official bond.