**J. L. CRUMP & CO. et al. v. MAILS.**

No. 15290—Opinion Filed June 23, 1925.

Rehearing Denied Sept. 8, 1925.

**1. Partnership—Sale of Property—Invalidity of Unauthorized Contract by One Partner.**

Where one of several partners attempts to sell an oil and gas lease belonging to the partnership, but notifies the purported purchaser that he does not have authority from any of his partners to sell the lease and he will have to confer with them and get their acceptance before he can make a delivery of the lease, and when the proposition is submitted to his copartners they refuse to accept same, there is no contract capable of enforcement, because the party was wholly without authority to bind his copartners.

**2. Same—Frauds, Statute Of—Sale of Oil Lease — Specific Performance— Insufficient Memorandum.**

Where partners enter into the following stipulation in regard to the sale of an oil and gas lease, to wit:

"Exhibit A. April 20, 1922. Received of Paul C. Mails $150 as first payment for our interest in Fowler lease on north half of northeast quarter of southwest quarter of section 31, township 2 south, range 2 west, Carter county. Balance due, $1,350. Joe Crump & Company. By I. A. Smith."—Held, that said memorandum is not a sufficient memorandum to support an action for specific performance.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by Paul C. Mails against J. L. Crump & Company, J. L. Crump, I. A. Smith, J. C. Smith, Ike Smith, and M. M. Smith

for specific performance of contract. There was judgment for plaintiff, and defendants appeal. Reversed.

Cruce & Potter, S. K. Kolb, and Wm. G. Davisson, for plaintiffs in error.

W. F. Bowman and Champion, Champion & George, for defendant in error.

Opinion by MAXEY, C. The petition filed by plaintiff, omitting the caption, is as follows:

"Paul C. Mails, plaintiff, complaining of J. L. Crump & Company, a firm of copartnership, composed of J. L. Crump, I. A. Smith, J. C. Smith, Ike Smith and M. M. Smith, defendants, respectfully alleges:

"1. That heretofore, to wit, On April 20th, 1922, said J. L. Crump & Company owned an undivided interest in an oil and gas lease on the following described land * * * and on said date the said defendants, acting by and through one of the firm, to wit: I. A. Smith, who was duly authorized thereunto. entered into an oral agreement with plaintiff to sell and assign to plaintiff the interest of defendants in said lease for the sum of $1,500, $150 of which was paid in cash at the time. and $1,350 to be paid upon the execution of the assignment, a memorandum of said agreement having been made by said defendants, a copy of which is hereto attached. marked Exhibit A, and made a part of this petition.

"2. That plaintiff has performed all the conditions precedent on his part, has tendered the balance of the purchase price $1,-350 and demanded the assignment as aforesaid, and has always been ready and willing to pay said balance of the purchase money agreed for and herewith tenders same in court for the use and benefit of defendants, but defendants refuse to execute and deliver said assignment."

Attached to the petition is plaintiff's exhibit A, in words and figures as follows, to wit:

"Exhibit 'A.'
"April 20, 1922.

"Received of Paul C. Mails $150 as first payment for our interest in Fowler lease on north half of northeast quarter of southwest quarter of section 31, township 2 south, range 2 west, Carter county. Balance due, $1,350.

"Joe Crump & Company,
"By I. A. Smith."

To this petition, the defendants each filed a general demurrer, which demurrers were overruled and exceptions taken. The defendants Smith then filed answers in which they denied that J. L. Crump & Company was a partnership, and denied that the interests of these defendants in the oil and

gas lease mentioned in plaintiff's petition was in the form of a copartnership interest, but alleged that the interest of each of said defendants was a separate and distinct undivided interest, and they deny that either of said defendants had the power, right, or authority to bind any of the other defendants in any transaction with reference to the oil and gas lease on the lands involved. They deny that either of them ever entered into an agreement with the plaintiff to sell and assign to him their interest in the said lease for the sum of $1,500 or any other sum; and deny that plaintiff paid $150 cash on said deal or any other sum, and allege that if the defendant I. A. Smith affixed the name of Joe Crump & Company to the memorandum attached to plaintiff's petition that his act in so doing was wholly unauthorized, and he was wholly without authority to bind the other defendants in any manner by affixing the signature to said memorandum; and further allege that if said I. A. Smith affixed the signature of Joe Crump & Company to said memorandum, he affixed the same with the distinct understanding and agreement with the plaintiff that the proposition embodied in the said memorandum was only a tentative one which was to be submitted to each and all of the defendants, and to receive their approval and ratification before it was to become in any manner binding; and that I. A. Smith at the time said memorandum was executed fully explained to the said plaintiff that he had no power or authority to bind the other defendants, and that he would submit to them the memorandum with the distinct understanding that if it did not meet their approval, that the said memorandum should be wholly void and without force and effect; and that said I. A. Smith did immediately thereafter submit the said memorandum to the defendants herein, and that they and each of them refused to acquiesce or join therein, and that Smith immediately thereafter apprised the plaintiff that the memorandum of said proposed agreement should be considered of no effect; and that the said plaintiff then and there agreed with said I. A. Smith that he had done everything he agreed to do, and that he was under no further obligation by reason of said memorandum.

This answer is duly sworn to by I. A. Smith. The defendant Crump filed a separate answer which contains a general denial and also specific denials, and that he is the owner of an undivided 1-24th overhead royalty interest, and that he is informed and believes that I. A. Smith, J. C. Smith,

Ike Smith, M. M. Smith, and some other person by the name of Roberts own an undivided 1-12th overhead royalty in said lease. The division of interests between the other defendants is unknown to this defendant; that said oil and gas lease when it was signed was taken for convenience of the parties in the name of J. L. Crump & Company, or Joe Crump & Company, it being understood that it was taken for the benefit of the defendants in the proportion in which they paid for the same, every one of the defendants having an undivided interest therein; that J. L. Crump & Company or Joe Crump & Company was not intended to be a partnership, and the lease herein mentioned is all of the property owned by these defendants jointly, and if it is a partnership at all, it is only a separate mining partnership. He then denies that I. A. Smith or any other person ever had the authority to dispose of any interest in said oil and gas lease except his own individual interest. That he had no right or authority to dispose of the interest of this defendant. That he never authorized I. A. Smith or any other joint owner to dispose of his interest in said lease. That he never heard of the contention that the defendant I. A. Smith had attempted to sell his interest until about the 20th day of May, 1922, and that if I. A. Smith did attempt or contract to sell the interest of this defendant, the same was never authorized, acquiesced in, or ratified by this defendant, and this defendant was never offered or received any money or other consideration for his interest, and denies that the memorandum attached to plaintiff's petition has any binding force upon either of said defendants. That the interest of these defendants in said lease is such an interest in real estate as is required by law to be signed and acknowledged by the parties sought to be charged therewith. That said receipt is not an assignment of said lease, and any parol agreement to sell or assign said lease or any interest therein is void under the statute of frauds. This answer is only sworn to by J. C. Crump.

To such answers, plaintiff filed reply of general denial, which was not verified.

The evidence is overwhelming that none of the defendants except I. A. Smith had anything to do with the pretended sale of said lease, and that the plaintiff did not know or have any conversation with any of the defendants but I. A. Smith. The evidence is overwhelming that I. A. Smith had no authority from any of the defendants to enter into a deal with the plaintiff to sell the interest of the defendants in said lease, and said defendants never acquiesced in such sale or in any way ratified the same. The plaintiff, when on the witness stand, testified:

"Q. You are acquainted with the defendants in this case, J. L. Crump & Company? A. Only acquainted with one of the defendants. Q. Which one? A. I. A. Smith. Q. Joe Crump & Company, he is the same man as J. L. Crump? A. Yes, sir. So far as I know. Q. As a matter of fact, Mr. Smith did not tell you at any time he had any authority to sell it. A. No, sir. He said I can sell for my sons and I will call Joe Crump and see what he says about it. Q. Never presented any written authority to sell? A. No, sir. Q. At that time, did not Mr. Smith tell you he could not sell for anyone only for himself, and if you did not ask him he did not think he could induce the boys to sign it and he said he could not and would not? A. No, sir. I believe his statement was whatever he did would be all right with his sons. Q. Said he could not act for Mr. Crump. A. He said he would have to get Mr. Crump's consent and later he said he had obtained it."

The evidence shows that the $150 check given to I. A. Smith was not cashed, but after the other defendants declined to sell that Smith offered to return the check to the plaintiff and take up the memorandum received by Mails. The plaintiff declined to accept the check or surrender the receipt, and stated he was going to sue on his contract. This was substantially the testimony in the case and at the close of plaintiff's testimony the defendants demurred to the evidence, which demurrers were overruled, and the court entered a decree awarding plaintiff specific performance of the alleged contract.

We think the court erred in overruling demurrers to the petition, and that it erred again when it overruled the demurrers to plaintiff's evidence. This court had the identical question of pleading before it in the case of Fox v. Caster, 10 Okla. 527, 62 Pac. 283. The petition is very much like the petition in the instant case, and the memorandum relied on in that case is as follows:

"Exhibit A. 8-11-1898.

"Received of J. D. Fox & Co., ten and no 100 dollars as part payment on E. ½ of lot 6 in block 41, City of Pond Creek, O. T.

"Mrs. Ella Blake."

It appears from the facts in this case that the lot mentioned in said memorandum belonged to Mrs. Blake's daughter, and that after the memorandum was executed Mrs. Blake wrote to her daugher, who resided in Topeka, Kan., and told what the offer was,

and that she both wrote and telegraphed her mother to do as she thought best.

A demurrer was sustained by the trial court to the petition and the judgment sustaining the demurrer was affirmed on appeal. The second paragraph of the syllabus in the opinion is as follows:

"Memorandum, Receipt Does Not Constitute, When. An ordinary receipt for a portion of the purchase money for real estate will not constitute such a memorandum as will satisfy the statute of frauds. unless it shows on its face, or by reference to some other instrument, every material part of a valid contract on the subject."

The memorandum agreement in the Fox Case is very much like the memorandum sued on in this case, and it was held there that such memorandum as will satisfy the statute of frauds must show on its face or by reference to some other instrument all the parts of a valid contract on the subject. The memorandum in this case like the one in the Fox Case is defective in that respect.

Another recent case before this court on this subject is the case of Woodworth et al. v. Franklin, 85 Okla. 27, 204 Pac. 452. That case, like the case at bar, involves a mining lease. It is contended by the defendant in error that this case does not come within the statute of frauds. The second, third, and fourth paragraphs of the syllabus in the Woodworth Case, supra, are as follows:

"2. Under the statute of frauds of this state, all contracts for the leasing of real estate for a longer period than one year are invalid unless the same, or some note or memorandum thereof, be in writing, and an assignment of such a lease, to be valid, must also be in writing.

"3. An executory contract for the sale of an oil and gas mining lease for a term of five years is invalid unless such contract, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent.

"4. A contract for the sale of an oil and gas lease entered into by an alleged agent of the owner of such lease and a third person is invalid under the statute of frauds, unless the authority of such agent to sell said lease be in writing, subscribed by such owner, and such authority must be specific and certain as to the authority conferred, the terms, description. and parties so that such authority is disclosed by the writing itself. and recourse to parol evidence to show the intention of the parties is unnecessary. "

That case, like the one at bar, was also a suit for specific performance on a contract to sell an oil and gas lease, and in the eighth paragraph of the syllabus it is held:

"8. Specific performance of a contract of sale of oil and gas mining leases made by an alleged agent whose authority was not in writing, and therefore invalid, will not be enforced against the owner of said leases, by one who had paid no part of the consideration, and who went into possession without the consent of the owner, and after he had been notified by such owner that he denied the authority of such alleged agent, and after such owner had sold and assigned such leases to a third party."

There is absolutely no testimony to show that I. A. Smith had any authority whatever to make the alleged deal, and where an agent, if he is an agent acts without authority, it does not bind his principal. Brown v. First National Bank of Temple, 35 Okla. 726, 130 Pac. 140; De Spain v. Coley, 65 Okla. 31, 162 Pac. 756; section 8190, Comp. St. 1921.

We think the question of whether there was a partnership between the defendants is immaterial, so far as the facts in this case shows, because under our view of the case the demurrer to the petition should have been sustained, and after the plaintiff had introduced his testimony and failed to show any authority whatever in I. A. Smith to make said deal, that the court should have sustained the demurrer to plaintiff's evidence; and for these errors the judgment of the trial court will have to be reversed. We, therefore, recommend that the judgment of the trial court be reversed and the case remanded, with directions to the trial court to sustain the demurrer to the petition and dismiss the action.

By the Court : It is so ordered.

Note.—See under (1) 30 Cyc. p. 489. (2) 27 C. J. p. 269, §318.