## HARRIS v. TUCKER et al.

No. 19694. Opinion Filed Feb. 17, 1931.

Sigler & Jackson, for plaintiff in error.

Geo. N. Otey and J. B. Moore, for defendants in error.

RILEY, J. Harris commenced this action against Tucker, Galt, and Marsh, to recover damages for breach of an alleged agreement under which it was claimed he was authorized to sell a certain oil and gas mining lease.

The trial court sustained a demurrer to plaintiff's evidence and rendered judgment for defendants. Plaintiff appeals, contending, under one assignment, error of the court in sustaining the demurrer.

The question is whether there is any competent evidence tending to prove the allegations of plaintiff's petition. Anatubby v. Bennington, 46 Okla. 221, 148 Pac. 828; Oklahoma Hospital v. Brown, 87 Okla. 46, 208 Pac. 785; Hughes v. Senter, 88 Okla. 191, 212 Pac. 311.

The evidence is summarized as follows:

Harris exchanged deeds with Galt, Tucker, and Marsh, and the respective parties became owners of an undivided one-half interest in an oil and gas mining lease to 80 acres of land in section 9, twp. 3 S., range 2 W., Carter county, Okla. The parties jointly owned 40 acres of land in section 15, twp. 3 S., range 2 west, Carter county, Okla. Harris made a trade with Franklin, evidenced by a written agreement, whereby Franklin agreed to pay Harris $4,000 for an undivided one-half interest in the lease in said section 9, on condition that Galt, Tucker, Marsh, and Harris would give him (Franklin) a lease to the 40 acres of land located in said section 15.

Neither Galt, Marsh, nor Tucker was a party to the said written agreement between Harris and Franklin. No agreement existed between the parties to this suit relative to the land in section 15 at the time of the Harris-Franklin contract. (C.-M. p. 56.) Harris never talked to Marsh concerning the leasing of land in section 15 (C.-M. 57-59), and the only agreement Harris had with defendants relative to leasing the land in section 15 was an oral agreement with Galt and Tucker, and such oral agreement was had long after the time and occasion of the original exchange of deeds as first mentioned (C.-M. 57). Marsh was not a party to such oral agreement, though an interested party in the land, and the trade Harris made with Franklin was not consummated because Marsh objected. (C.-M. 59.)

Plaintiff failed to make out a case, as he did not establish an agreement either oral or written with the parties interested in the land, such as would have enabled him to consummate his sale with Franklin.

Moreover, under section 5034, C. O. S. 1921, subdivision 5, an agreement for the sale of real property or any interest therein is invalid unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, and an oil and gas mining lease is such an interest as is contemplated by the statute. Woodworth v. Franklin, 85 Okla. 27, 204 Pac. 453.

Note the language in Lavery v. Gardner, 116 Okla. 63, 243 Pac. 216:

"They say they and said other two had an agreement to acquire an undivided one-half interest in a lease on 140 acres of land in said section 8, in consideration of drilling a well thereon, and that they had orally agreed with plaintiff to drill such well thereon for a one-half interest in the lease on 80 acres thereof. Both agreements were both executory and oral. An executory contract for the sale of an oil and gas mining lease for more than one year is invalid unless such contract, or some note or memorandum thereof, be in writing subscribed by the party to be charged, or by his agent. Woodworth v. Franklin, 85 Okla. 27, 204

Pac. 452. Such lease and the assignment thereof, and an executory contract for sale thereof, are all required to be in writing under our statute of frauds pertaining to conveyances and agreements for leasing or sale of real estate. Id.; Nicholson v. Ferguson, 114 Okla. 10, 243 Pac. 195."

In Lowerre v. Lucas, 98 Okla. 113, 224 Pac. 336, it was held:

"It is also well settled that where the petition itself shows on its face a violation of the statute of frauds, it is subject to a demurrer."

The case of J. L. Crump & Co. v. Mails, 111 Okla. 160, 239 Pac. 143, presents a very similar set of facts as in the case at bar. There it was held the contract could not be enforced due to the fact that Crump, an interested party in the land, refused to be bound by Smith's action.

Judgment affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

Note.—See under (1) 26 R. C. L. p. 1060, et seq.: R. C. L. Perm. Supp. p. 1080; (2) 25 R. C. L. p. 563; R. C. L. Perm. Supp. p. 5591.