## PEOPLE OF STATE OF OKLAHOMA to Use of SHUTT v. FARMERS GRAIN & SUPPLY CO. et al.

No. 23894.    June 11, 1935.

Ira A. Hill and Guy D. Talbot, for plaintiff in error.

J. Wilford Hill, and A. R. Carpenter, for defendants in error.

PER CURIAM. Plaintiff in error commenced this action against the defendants in error in the district court of Alfalfa county for recovery on a warehouseman's bond, for

failure of the warehouseman to deliver grain upon demand. The parties will be designated herein as they appear in the trial court.

In plaintiff's petition it is alleged that the Farmers Grain & Supply Company of Lambert, Okla., as a corporation, was operating public elevators and warehouses and that the defendants were sureties on the statutory bond required of public warehousemen; that plaintiff deposited or stored several thousand bushels of grain with the warehouseman, and upon demand the warehouseman failed to deliver to plaintiff his grain or the value thereof. To this petition the defendants filed answer, admitting that they were sureties· upon said warehouseman's bond; that the legal existence of the principal expired on the 8th day of August, 1921; that plaintiff was 'president and controlled the company, and that plaintiff is barred by the statutes of limitations from recovery.

Upon these issues the cause was heard before the court, and demurrer to the evidence sustained.

The rule in this state, as applied to demurrer to evidence, is stated in Harris .v. Tucker et al., 147 Okla. 210, 296 P. 397, to be:

"A demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove and all inferences or conclusions that may reasonably and logically be drawn therefrom, but where such test on demurrer is applied to the evidence of plaintiff and found to support the decision of the trial court, its judgment must be sustained." .

Plaintiff was the only witness introduced in this case, and a concise statement of his testimony shows that during the threshing season of 1921 and 1922, he deposited with the Farmers Grain & Supply Company several thousand bushels of wheat; that practically all the wheat for 1921 was paid for; that the wheat for 1922, belonging to himself, his father and his sister, on which he held assignments, was not fully paid for or delivered to him; that he was president of this company in 1922 and until the company ceased to operate; that he demanded a warehouse receipt from the manager on two different occasions, but was put off each time and no warehouse receipts were ever issued. That the company became insolvent and was unable to settle for the wheat stored with it; that in August 1923, the company paid a 25 per cent. dividend to the holders of stored wheat; that at that time,

the manager of the company gave him a memorandum, showing the amount of wheat which he, his father and his sister still had deposited with the company and for which settlement had not been made; that at that time he knew, in his own mind, that the company did not have the wheat with which to make delivery to him; that again, in March, 1925, he demanded return of his wheat, but knew they could not return it, because they did not have it; that in April, 1926, a final payment was made him by the receiver of the company. It is admitted by the defendants that they were sureties for the principal on its warehouse bond.

The plaintiff raises the question that he is entitled to recover against the sureties on the bond, even though no warehouse receipts had been issued by the company. This is the only point argued by plaintiff in his brief. The general rule is that a warehouseman is not relieved from liability where he has received goods for storage and the owner is entitled to a receipt, if no receipt has been issued. 40 Cyc. 439, says:

"The fact that a warehouseman has not actually issued a receipt for goods destroyed, or has issued one not in the statutory form, does not relieve him from liability, where the goods have been received by him for storage and the owner is entitled to a receipt."

In the case of First National Bank of Pullman v. Young, 55 P. 215, the Supreme Court of Washington said:

"Though the statute in relation to warehouse receipts * * * provides for a certain description of receipt, yet another kind, evidently intended as a memorandum for the issuance of a permanent receipt, having been given for wheat stored, and the depositor having sold the wheat, and transferred the memorandum to plaintiff, he, having demanded a regular receipt in place thereof, which was refused, and having demanded the wheat, and offered to pay charges, is entitled, on refusal thereof, to maintain an action against the warehouseman for conversion, though the memorandum gives notice not to buy it, as it must be returned for storage ticket."

However, applying the rule upon demurrer to evidence as announced by this court, we hold that the judgment of the court in sustaining this demurrer is amply sustained by the evidence, for the reason that the cause of action of the plaintiff is barred by the statute of limitations.

This is an action upon an oral contract of bailment. In this case the depositor has elected to found his cause of action upon

the oral contract for bailment, instead of the negligence of the warehouseman, and must, therefore, recover upon a breach of that contract. Traders Compress Co. v. O. K. Precure, 140 Okla. 40, 282 P. 165, 71 A. L. R. 759.

Section 101, O. S. 1931, 2d subd., provides:

"Within three years: An action upon a contract expressed or implied not in writing; an action upon a liability created by statute, other than a forfeiture or penalty."

The above subdivision of section 101, O. S. 1931, governs the right of action in this case. The plaintiff's cause of action against the defendants is upon breach of oral contract of bailment, committed by the principal, and the warehouseman bond is only collateral security for the enforcement of such cause of action. The bond does not give the cause of action; the wrong or breach does; and the bond simply furnishes security to indemnify the persons who suffer by reason of such wrongs or breach; and while we have a statute which operates to bar every action brought upon the bond to enforce a cause of action which accrues more than five years prior to the commencement thereof, yet, such a statute does not operate to suspend the operation of the other statute of limitations. Whenever a cause of action is barred by any statute of limitation, the right to maintain an action therefor upon the bond, which simply operates as security for the same thing, must necessarily cease to exist. When the principal debt or cause of action fails, the security must also fail, and as the warehouseman's bond is simply collateral for the faithful performance of its duties, so a cause of action arises upon a breach of such duties.

We held in Morrissey v. Carter et al., 103 Okla. 36, 229 P. 510:

"The action is not one created by statute or one based on contract or on the bond of the officer, but is one based upon the wrongful act of the sheriff, through his deputy, in making a false return of the summons, resulting an injury to the plaintiff. Miller v. Wissert, 38 Okla. 808, 134 P. 62. The gist of the action is the wrongful act and for damages growing out of the wrongful act of the defendant, and the limitation applicable is expressed in paragraph 3 of the statute, and the action is barred unless within the exception for fraud, which is made to toll the time till discovery of the fraud. Ryus v. Gruble, 31 Kan. 767, 3 P. 518; A., T. & S. F. R. Co. v. King (Kan.) 3 P. 565; Board of Commissioners of Graham County v. Vann Slyck (Kan.) 35 P. 299; Hatfield v. Malin (Kan.) 50 P. 108."

The cause of action in this case is barred within three years under authority of Freeman v. Wilson, 105 Okla. 87, 231 P. 869, wherein it is said:

"A suit against an abstractor and surety on an abstractor's bond must be brought within three years after the cause of action accrues. Such cause of action accrues at the date of the delivery of the abstract and it is proper to sustain a demurrer to a petition which affirmatively discloses that such cause of action is barred by the three-year statute of limitations."

Applying this rule to the evidence in this case, we find that the reasonable and logical deduction to be drawn from this evidence is that the plaintiff knew as early as August, 1923, that the Farmers Grain & Supply Company did not have his wheat in storage; that the wheat had been disposed of by the company; that the wheat could not be returned on demand, and that he had notice of conversion, and his cause of action accrued at the time of said notice. This action was filed by plaintiff on February 4, 1930, and more than six years have expired since the cause of action arose.

Finding no error in the judgment of the court, the judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys Roy Frye and W. W. Miller in the preparation of this opinion. These attorneys constituted two members of an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Frye and approved by Mr. Miller, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.